Filed 11/26/13  Lathen v. Daniel CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CRAIG S. LATHEN, | B240414 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC439232) |
| v. | |
| NATHAN DANIEL, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Amy D. Hogue, Judge.  Affirmed.

B. Kwaku Duren & Associates and B. Kwaku Duren, for Plaintiff and Appellant.

Law Office of Joseph W. Singleton and Joseph W. Singleton, for Defendant and Respondent.

_____

Plaintiff and appellant Craig S. Lathen appeals from the March 23, 2012, order denying his motion for new trial made on the grounds of newly discovered evidence. He contends it was an abuse of discretion to (1) deny Lathen's ex parte application for an extension of time to file the requisite supporting affidavit and (2) deny the new trial motion on the grounds that Lathen did not use reasonable diligence to discover the new evidence. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Lathen and respondent Daniel were next door neighbors when a dispute over barking dogs generated the first of at least five lawsuits between them.[1] The first

---

[1]     These cases include:

•**BC337962**  Daniel filed BC337962 seeking damages for terrorist threats, intentional infliction of emotional harm and various Unruh act violations arising out of statements made by the Lathens in the argument over their barking dogs. Case No. BC337962 ended in a default judgment against the Lathens, which we affirmed as modified in case No. B221584.
•**BC375880**  The Lathens filed case No. BC375880 to set aside the default judgment entered against them in case No. BC337962. The parties stipulated to consolidating case No. BC375880 with case No. BC337962. After the trial court vacated the default judgment in case No. BC337962, but before we rendered our opinion in the appeal of that case, the Lathens dismissed with prejudice case No. BC375880.
•**BC391091**  While the prior appeal in case No. BC337962 was pending, the Lathens filed case No. BC391091, a quiet title action, which was deemed related to case No. BC337962. The trial court granted Daniel judgment on the pleadings and dismissed the complaint in case No. BC391091. Notice of appeal was filed on July 14, 2010; but the appeal was dismissed and remittitur issued on December 16, 2010.
•**BC439232**  The case that is the subject of the present appeal.
•**10-U-06173**  Daniel filed case No. 10-U-06173, an unlawful detainer action against the Lathens. The trial court deemed case No. 10-U-06173 related to case No. BC391091, the quiet title action in which Daniel obtained judgment on the pleadings.

In the text we refer to both superior court and Court of Appeal case numbers, as the context requires.

lawsuit (trial court case No. BC337962), resulted in two prior appeals (case Nos. B203799 and B221584), and was concluded after the second appeal. We briefly summarize the facts, which are set forth in greater detail in our prior opinions.

**Case No. BC337962**

Lathen and his wife responded to Daniel's complaints about their barking dogs with verbal threats invoking Daniel's race and religion. Daniel filed case No. BC337962, against the Lathens seeking damages for terrorist threats, intentional infliction of emotional harm and Unruh Act violations. In February 2006, a $407,423.58 default judgment was entered against the Lathens. In July 2007, Daniel purchased the Lathens' home for $562,500 in a sheriff's sale to enforce that money judgment.[2] In August 2007, the County of Los Angeles issued a $75,000 check to Lathen in payment of his homestead exemption. Lathen did not cash the check. Instead, he gave it to his attorney, who returned it to Daniel's attorney. Daniel never cashed that check.

In August 2007, two months after the sheriff's sale, the Lathens filed a motion to vacate the default judgment, which was granted on the grounds that the judgment exceeded the $87,423.58 in damages alleged in the complaint (a prior motion to vacate had been denied). The trial court subsequently granted the Lathens' motion to set aside the sheriff's sale on the grounds that the underlying judgment had been vacated. On December 12, 2007, Daniel applied to the trial court for an order directing the Sheriff to return the $75,000 deposited by Daniel as part of the purchase price at the sheriff's sale based on the fact that the sale had been vacated. In a declaration filed in support of the application, Daniel stated that Lathen had returned the Sherriff's check un-cashed and "[i]n order for the sheriff to cash the $75,000 homestead check (issued to the defendants but now returned to me), the sheriff needs an order from this court directing the sheriff to

---

[2] According to Lathen's proposed First Amended Complaint in this case, Daniel sold the property for $492,000 in June 2010.

release my funds to me." On December 13, 2007, the trial court ordered the sheriff to return to Daniel the $75,000 he deposited in connection with the sheriff's sale.

Meanwhile, Daniel appealed the orders vacating the default judgment and setting aside the sheriff's sale (case No. B203799). In an opinion filed in June 2009, we reversed the order vacating the default judgment and remanded the matter with directions that the trial court: (1) allow Daniel to request the default judgment be reinstated in the amount of $87,423.58 (the amount of damages alleged in the complaint) and (2) reconsider its order setting aside the sheriff's sale of the Lathens' residence that was based on the original default judgment.

Following remand, the Lathens did not appear at the Order to Show Cause (OSC) as to why judgment should not be entered pursuant to our opinion. Daniel elected to take the reduced judgment. As directed by the trial court, Daniel filed a proposed judgment. The proposed judgment ordered default judgment in the amount of $87,423.58, plus costs and reinstated the previously-vacated sheriff's sale. On November 9, 2009, the trial court signed the judgment.[3] Responding to Lathen's objections to the judgment, the trial court explained that, to the extent Lathen was entitled to the difference between the purchase price of the property and the reduced money judgment, as well as the $75,000 homestead exemption, Lathen's remedy was to file a new lawsuit to recover those sums. Lathen appealed from the reinstated default judgment (case No. B221584). This was the second appeal in the first case. In an opinion filed in February 2011, we affirmed the $87,423.58 default judgment, concluding that the trial court correctly reinstated the sheriff's sale because, absent irregularities not present here, such sales are absolute. Regarding the homestead exemption and distribution of the proceeds from the sheriff's sale, we stated: "Those are matters properly heard in the trial court, not for the first time on appeal. Nor do we address whether law of the case or res judicata/collateral estoppel principles --

---

[3]    Lathen also complained that the judgment did not address the related quiet title action (case No. BC391091). Following a July 2, 2010, OSC in the quiet title action, the trial court awarded possession of the property to Daniel. Lathen's appeal from that judgment was dismissed.

4

either arising out of this case or the related litigation between the parties -- affect a resolution of claims to the sale proceeds or the homestead. Those issues are also more properly addressed in the trial court."

**Case No. BC439232**

On July 12, 2010, while the second appeal in case No. BC337962 was pending, Lathen filed the present action against Daniel for money had and received, unjust enrichment, declaratory relief and conversion.[4] The complaint sought as damages "no less than the sum of" $390,567 (approximately the difference between the original default judgment and the reduced default judgment) and $75,000 (the amount of the homestead exemption check that Lathen never cashed). The appellate record does not include a Reporter's Transcript of the four-day court trial. At the conclusion of the evidence, the trial court granted Daniel's motion for judgment on all causes of action accept unjust enrichment. As to the unjust enrichment claim, the trial court found Daniel obtained the property as the result of a mistake of law (i.e., the amount of default damages to which he was entitled). Although the sheriff's sale was not set aside, "there is a lingering question whether Daniel was unjustly enriched by the transfer." The trial court concluded that the relevant date for valuation of the property vis a vis the unjust enrichment claim was not the date of the sheriff's sale; but was April 25, 2011, the date the remittitur issued following our second opinion in trial court case No. BC337962. The trial court reasoned that Daniel's title to the property was no longer in doubt on that date. On January 9, 2012, the trial court invited the parties to introduce evidence of valuation on April 25, 2011, and it continued the matter to 1:30 p.m. on January 17, 2012. Three days later, on

---

**4** The Enforcement of Judgments Law provides: "If the judgment is reversed, the judgment debtor may recover from the judgment creditor the proceeds of a sale pursuant to judgment with interest at the rate on money judgments to the extent the proceeds were applied to the satisfaction of the judgment." (Code Civ. Proc., § 701.680, subd. (b)); see also *Lang v. Roché* (2011) 201 Cal.App.4th 254.) Neither Lathen's complaint, nor his proposed First Amended Complaint, included an express section 701.680(b) cause of action.

5

January 12, 2012, Lathen subpoenaed the Sheriff's Department seeking "All financial records . . . related to [the sheriff's sale] including but not limited to . . . any financial records reflecting payments by the County to the Purchaser, Judgment Debtor or Judgment Creditor subsequent to said Sheriff's sale." The documents were to be produced at Lathen's attorney's office at 10:00 a.m. on January 17, 2012, the morning of the continued trial date. The record does not include a Reporter's Transcript of the proceedings on January 17, 2012, and nothing in the record suggests that Lathen attempted to introduce the documents obtained from the Sheriff's Department at the trial. According to the "Order Granting Renewed Motion for Judgment on the Unjust Enrichment Claim" filed that day, the trial court granted judgment in favor of Daniel after Lathen declined to introduce evidence of valuation on April 25, 2011, "based on [Lathen's] contention that the sale price at the sheriff's sale on July 25, 2007 is the relevant date of valuation . . . ." The trial court concluded: "[Lathen] had to prove that on April 25, 2011, the value of the property exceeded $162,423.58. The only evidence of value is the record in the sale price at the July 25, 2007 sheriff's sale. As proof of the property value nearly four years later, the July 25, 2007 sale price is stale and minimally probative because: (1) it does not take into account the judicially noticeable fact that there has been an intervening recession and decline in property values; and (2) it sheds no light on the physical condition of the property on April 25, 2011." Notice of Judgment in favor of Daniel was filed and served on February 1, 2012.[5]

On January 30, 2012, Lathen filed Notice of Intent to File a Motion For New Trial, based on "new" evidence that Daniel had cashed the $75,000 homestead exemption

_____

[5] Lathen challenges only the denial of his motion for new trial; he does not challenge the judgment entered on any of his causes of action. "An appellant abandons an issue by failing to raise it in the opening brief." (*Padilla v. Rodas* (2008) 160 Cal.App.4th 742, 753, fn. 2, citing *H.N. & Frances C. Berger Foundation v. City of Escondido* (2005) 127 Cal.App.4th 1, 15.) We therefore need not discuss the merits of any of the causes of action.

check after the sheriff's sale was set aside.  The so-called new evidence was the following, which were attached as exhibits to the Notice of Intent:

- Deposition subpoena in this case dated January 11, 2012, to the Sheriff's Department seeking all financial records relating to the sheriff's sale of the Lathens' home;
- "Credit Transaction Receipt And Statement" in case No. BC337962, dated July 25, 2007, reflecting Daniel's deposit of $78,622;
- Sheriff's Department "Receipt of Credit Judgment" in case No. BC337962, dated July 25, 2007, reflecting Daniel's receipt of $490,787, less statutory costs, signed by Daniel;
- "Preliminary Change Of Ownership Report" in case No. BC337962;
- County of Los Angeles check, dated August 31, 2007, payable to Lathen, in the amount of $75,000;
- "Service Ticket" in case No. BC337962 indicating Daniel's purchase of the property for $562,500;
- "Application For An Order Directing Los Angeles County Sheriff To Return Funds (Or Cash Check) To Plaintiff Nathan Daniel," filed on December 12, 2007, in case No. BC337962;
- Order filed on December 13, 2007, in case No. BC337962, directing the sheriff to return to Daniels the $75,000 he deposited in connection with the sheriff's sale;
- Substitution of Attorney filed by Daniel on December 28, 2007, in case No. BC337962, stating that he was now representing himself;
- Letter from Daniel to Misty Douglas and/or Ellen Castillo dated January 2, 2008 stating that he had terminated his attorney and was now representing himself in case No. BC337962, and asking that the $75,000 check he was requesting be forwarded to him and not his former attorney;
- Accounting dated April 23, 2008, reflecting disbursement of $75,000 to Daniel;
- Document production request propounded on Daniel by Lathen in case No. BC439232;
- Daniel's response to Lathen's document production request.

Lathen filed points and authorities and his attorney's affidavit in support of the new trial motion on February 17, 2012, more than 10 days after the Notice of Intent was filed. Following a hearing, the trial court denied Lathen's new trial motion on various grounds including that the supporting affidavit was untimely filed and that Lathen failed to

7

establish the evidence was "newly discovered" within the meaning of Code of Civil Procedure section 657. Lathen timely appealed.

## DISCUSSION

A. *No Abuse of Discretion In Denying Lathen's Request to File the Motion and Supporting Affidavit Late*

Lathen contends the trial court abused its discretion in denying his ex parte application to file the new trial motion and supporting affidavit late. We disagree.

A new trial motion based on newly discovered evidence must be supported by affidavits. (Code Civ. Proc., § 658.) Code of Civil Procedure section 659a governs the deadlines for filing affidavits in support of a new trial motion. It provides that, within 10 days of the filing of a notice of intent to move for new trial, the moving party must serve and file any affidavits intended to be used upon such motion. (Code Civ. Proc., § 659a.) For good cause, the 10 days may be extended for not more than 20 days. (*Ibid*.)

Here, Lathen timely filed the Notice of Intent to File Motion for New Trial on January 30, 2012. It was set for hearing on March 1, 2012. February 10, 2012, was the 10th day after January 30, but Lathen did not file his motion and supporting affidavit until a week later, on February 17, 2012. On that day, Lathen filed (1) a "Notice of Motion and Motion for a New Trial; Declaration of B. Kwaku Duren and Attached Exhibits" and (2) an ex parte application for an order extending time to file "Supplemental Briefing For Motion For New Trial." The stated reason for the extension request was "computer crashes while drafting the pleading causing loss of data which had to be recreated." Although the motion and accompanying attorney declaration were signed and dated February 15, 2012 (a Wednesday), they were not served on Daniel until after 5:00 p.m. on Thursday, February 16 and not filed until Friday, February 17, 2012. There is no explanation for the delay between completing the documents and filing or serving them. The trial court denied the extension request and, among the grounds upon which it denied the new trial motion, was the untimely filing of the motion and supporting affidavit. We find no error.

Implicit in the trial court's denial of Lathen's application for an extension is a finding that Lathen did not establish the requisite good cause. That finding is supported by the evidence that Lathen waited two days after the document was completed before filing and serving it on Daniel. Under these circumstances, Lathen did not establish good cause for an extension to February 17, 2012. But even assuming the trial court erred in not allowing the late filing, as we shall explain, it did not err in denying the new trial motion on alternate grounds.

B.      *Denial of the New Trial Motion Was Not An Abuse of Discretion*

At the core of Lathen's contention that the trial court abused its discretion in denying his motion for new trial based on newly discovered evidence is a challenge to the court's finding that Lathen did not use reasonable diligence to discover the so-called "new" evidence. We find no error.

We begin with the standard of review. The trial court's exercise of discretion in ruling on a new trial motion is entitled to great deference and we will reverse the ruling only if "in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.]" (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1415.)

A new trial motion may be granted on the grounds of "newly discovered evidence . . . which [the moving party] could not, with reasonable diligence, have discovered and produced at trial." (Code Civ. Proc., § 657, subd. (4).) The essential elements which must be established to obtain a new trial based on newly discovered evidence are (1) that the evidence is newly discovered; (2) that reasonable diligence was exercised in its discovery and production; and (3) that the evidence is material to the moving party's case. (*Hill v. San Jose Family Housing Partners, LLC* (2011) 198 Cal.App.4th 764, 778-779.) Such motions are disfavored and a strict showing of diligence is required. (*Horowitz v. Noble* (1978) 79 Cal.App.3d 120, 138.) When a party knows or should have known about the pertinent evidence before trial but did not exercise due diligence in

9

producing it, it would be error to grant a new trial. (*Doe v. United Airlines, Inc.* (2008) 160 Cal.App.4th 1500, 1509.)

Here, we find no abuse of discretion in the trial court's finding that the "newly discovered evidence" upon which Lathen based his motion was not newly discovered within the meaning of the statute because Lathen did not exercise reasonable diligence to discover such evidence. As noted by the trial court, the documents Lathen characterized as "newly discovered" were either pleadings in case No. BC337962, in which Lathen was represented by the same attorney who represents him in this case, or Sheriff's Department records, which Lathen actually obtained before the trial was concluded, and could have obtained much earlier. Lathen's argument that he did not subpoena the Sheriff's Department sooner because he reasonably relied on Daniel's response to Demand No. 7 in Lathen's document production demand in case No. BC337962 is not persuasive. Demand No.7 sought all documents "showing or describing what [Daniel] did with the Seventy-Five ($75,000.00) Thousand Dollar 'homestead exemption' check that was made payable to [Lathen] but returned to [Daniel's attorney] on or about December 10, 2007." In his response, Daniel identified the check itself and two letters from Lathen's counsel. Contrary to Lathen's assertion, there is nothing to suggest that this response was inaccurate, much less perjured. This is because the demand very specifically sought documents relating to the check issued to Lathen, it did not seek documents pertaining to the funds themselves. The trial court reasonably could have concluded that, from the filing of Lathen's complaint, Lathen was claiming that Daniel had converted the $75,000 homestead extension and was thus put on notice to subpoena all related documents at that time.

## DISPOSITION

The judgment is affirmed.  Daniel shall recover his costs on appeal.


                                        RUBIN, J.

WE CONCUR:



        BIGELOW, P. J.



        FLIER, J.